TATE, Judge
(concurring).
The “fundamental guiding principle” for appellate review of trial court awards was recently restated by us in Swillie v. General Motors Corporation, La.App. 3 Cir., 133 So.2d 813, 825, certiorari denied, to be as follows:
“A review of all of these recent expressions of our Supreme Court indicates clearly that in the fixing of damages much discretion must be left to the trial judge or jury and their decision as to the issue of quantum will not be disturbed unless there is an abuse of discretion.”
By this standard, I do not believe that the award of the trial court is so manifestly insufficient as to constitute an abuse of the trial court’s discretion and as to permit of adjustment by the appellate court.
However, the trial court judgment herein was signed on May 8, 1961. At this date, the latest Supreme Court decisions on death awards were the McFarland v. Illinois Cent. R. R. Co., 241 La. 15, 127 So.2d 183, and the opinion on the original hearing (April 24, 1961) in Pennington v. Justiss-Mears Oil Co., La., 134 So.2d 53. On rehearing in the latter case, the Supreme Court re-instated a substantially greater award, one more in line with others recently made in death cases.
Since the trial court felt its discretion to award damages limited by these lower Supreme Court awards, prior to the clarification of the question afforded by the opinion on rehearing in the Pennington case (November 6, 1961), I concur with the majority of this court in applying the clarified standard afforded by the second Pennington decision, which standard was not available to the trial court at the time it rendered its own decision.
But, in my opinion, in the absence of circumstances such as the present indicating the application of incorrect legal standards in arriving at an award of general damages for personal injury or death, the appellate *122 court must not and should not disturb such a quasi-factual determination of the trial court in the absence of manifest error; for, not only the jurisprudence, but also the statutory law specifically leaves much discretion to the trial judge and jury in the assessment of such damages, LSA-C.C. Art. 1934, subd. 3. McFarland v. Illinois Cent. R. R. Co., above-cited; McGee v. Yazoo & M. V. R. Co., 206 La. 121, 19 So.2d 21.
For these reasons, I respectfully concur in the amendment by this court of the trial award.